UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DANIEL K. ANGELOFF and VIOLET L. ANGELOFF, | : | NO.: 1:09-CV-02169 |
| Plaintiffs | : | |
| | : | (JUDGE KANE) |
| v. | : | (MAGISTRATE JUDGE PRINCE) |
| | : | |
| JAMES E. DEARDORFF, S & D PROPERTY SOLUTIONS LLC, JOANNE M. SEELEY, ROBERT CASSELL, ACCU-FAST APPRAISALS, ALLSOURCE MORTGAGE, HARRIET NGUYEN, KEEGAN, MCDONALD AND FRANCE, P.C., KMF SETTLEMENT SERVICES, LLC, AND JOHN & JANE DOES, | : | |
| Defendants | : | |

## **REPORT AND RECOMMENDATION**

Pursuant to an Order entered on November 10, 2010 (Doc. 67), Honorable Chief Judge Yvette Kane referred the jointly filed motion to dismiss of Robert Cassell and Accu-Fast Appraisals (Doc. 56) to the undersigned Magistrate Judge for the purpose of preparing a Report and Recommendation.

**I. Background**

This case arises out of the allegedly fraudulent manner in which plaintiffs' refinancing and sale of their home was handled, which plaintiffs claim resulted, in part, in the theft of roughly $100,000 that was due to them from the sale.

*(A) Facts of the case*

Because the Court is reviewing a motion to dismiss, the facts as stated are drawn from the complaint and taken as true for the purpose of this motion.

In July 2008, plaintiffs Daniel and Violet Angeloff (the Angeloffs) were facing a sheriff's sale on their home. (Doc. 40, ¶ 18.) They responded to advertisements by Joanne Seeley and James Deardorff touting a program that would allow them to stay in their home. (*Id.* ¶¶ 19–27.) Part of this program involved getting a home appraisal; after the Angeloffs had been accepted into the program, Seeley contacted Cassell or Accu-Fast to get the Angeloffs' home appraised, a service that the Angeloffs paid for. (*Id.* ¶¶ 27–28, 212.) Seeley "aggressively worked" Cassell or Accu-Fast to seek a high appraisal amount. (*Id.* ¶ 29.) Cassel or Accu-Fast submitted to Seely the value that she wanted to give to her mortgage lender. (*Id.* ¶ 31.) As a result of the overvaluation, alleges the complaint, the Angeloffs suffered a loss of "built up equity in the[ir] property." (*Id.* ¶ 33.)

*(B) Procedural history*

The Angeloffs filed their original complaint on November 5, 2009. (Doc. 1.) After motions to dismiss were filed by Wells Fargo, Robert Cassell and Accu-Fast Appraisals (Docs. 7, 38), as well as a fair amount of procedural back-and-forth, plaintiffs filed an amended complaint (Doc. 40) on June 14, 2010. The Court thereafter denied the previously filed motions to dismiss as moot. (Doc. 53.) Two more motions to dismiss followed—Wells Fargo filed one (Doc. 54) on August 16, and Cassell and Accu-Fast jointly filed another (Doc. 56) on August 30. After briefing from the parties, the Court granted Wells Fargo's motion to dismiss on November 23. (Doc. 68.) Several defendants were also dismissed without prejudice for plaintiffs' failure to effect service (Doc. 71), although these dismissals do not bear on the matter now before the Court.

The motion by Cassell and Accu-Fast remains; the defendants have filed a brief in

support (Doc. 57) and the plaintiffs have filed a brief in opposition (Doc. 65). The matter is now ripe for adjudication.

**II. Standard of Review**

The court's task on a Rule 12(b)(6) motion to dismiss for failure to state a claim is to "determine whether, under any reasonable reading of the pleadings, the plaintiffs may be entitled to relief." *Langford v. City of Atlantic City*, 235 F.3d 845, 847 (3d Cir. 2000). In doing so, all factual allegations and all reasonable inferences drawn therefrom are assumed to be true. *Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996). The court, however, need not accept as true a complaint's "bald assertions" or "legal conclusions." *In re Burlington Coat Factory Secs. Litig.*, 114 F.3d 1410, 1429–30 (3d Cir. 1997). Thus, a Rule 12(b)(6) motion does not serve to question a plaintiff's well-pleaded facts, but rather tests the legal foundation of the plaintiff's claims. *United States v. Marisol, Inc.*, 725 F. Supp. 833, 836 (M.D. Pa. 1989).

The Supreme Court recently abrogated its longstanding decision in *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957), which had held that a complaint may be dismissed only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." The Court retired this "no set of facts" language in favor of a new standard: a plaintiff's obligation to state a claim for relief under Rule 8(a)(2) "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). As a result of *Twombly*, plaintiffs were required to nudge their claims "across the line from conceivable to plausible." *Id.* at 570. To state a claim that satisfies Fed. R. Civ. P. 8(a)(2), which requires only a "short and plain statement of the claim showing that the pleader is entitled to relief," a complaint must contain factual allegations sufficient "to raise a right to relief above the speculative level." *Id.* at 555. "[W]ithout

3

some factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she provide not only 'fair notice,' but also the 'grounds' on which the claim rests." *Phillips v. County of Allegheny*, 515 F.3d 224, 232 (3d Cir. 2008) (citing *Twombly*, 550 U.S. at 555 n.3). According to this standard, a court may dismiss a complaint if it fails to "contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under *some* viable legal theory." *Twombly*, 550 U.S. at 562 (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984)).

Moreover, the Court's more recent decision in *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009), held that the pleading requirements of Rule 8 mark "a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." Consequently, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief,'" and the complaint should be dismissed. *Id.* (quoting Fed. R. Civ. P. 8(a)(2)) (alteration in original).

**III. Discussion**

The single claim in the complaint against Cassell and Accu-Fast is Count XIV, which alleges a violation of Pennsylvania's Unfair Trade Practices and Consumer Protection Law (UTPCPL), 73 Pa. Stat. §§ 201-1 to 201-9.3 (2008). Section 201-9.2 provides standing for a private right of action:

> Any person who purchases or leases goods or services primarily for personal, family or household purposes and thereby suffers any ascertainable loss of money or property, real or personal, as a result of the use or employment by any person of a method, act or practice declared unlawful by section 3 of this act, may bring a private action to recover actual damages or one hundred dollars ($100), whichever is greater.

73 Pa. Stat. § 201-9.2(a). In other words, a claimant under section 201-9.2 must have

"suffered an ascertainable loss as the result of an 'unfair or deceptive act," as well as be a "person" who made a "purchase[] . . . primarily for personal, family or household purposes." *Valley Forge Towers South Condominium v. Ron-Ike Foam Insulators, Inc.*, 574 A.2d 641, 645 (Pa. Super. 1990) (quoting 73 Pa. Stat. § 201-9.2(a)).

In support of their motion to dismiss, Cassell and Accu-Fast (defendants) present two arguments. First, defendants argue, plaintiffs have no claim against them under the UTPCPL because it was not plaintiffs that purchased the appraisal report.[1] However, the complaint clearly states that plaintiffs did pay for the appraisal (Doc. 40, at ¶ 212), a statement that is taken as true for the purposes of this motion. The complaint thus sufficiently alleges that plaintiffs were the purchasers.

Defendants' second argument is that since plaintiffs cited UTPCPL section 201-2(4)(ix) in their complaint—a section that prohibits "[a]dvertising goods or services with intent not to sell them as advertised"—but did not allege that defendants made any specific advertisements, their claim must fail. Although it is true that the complaint did not mention any advertisements that Cassell and Accu-Fast made, the success or failure of Count XIV does not depend on this point. The complaint is meant to provide fair notice of the factual basis for the claims against the defendants, and to this end its substantial contents are the factual claims, not the legal citations; it is, of course, the adjudicating court's province to determine what the controlling law is. By this view, plaintiffs' citation of section 201-2(4)(ix) is simply irrelevant. Moreover, the "catch-all" provision of the

---

[1] Defendants cited an invoice that they attached to their motion as evidence that the appraisal was prepared for one Bill Bryson of Allsource Mortgage. However, as the matter on review by the Court is a motion to dismiss, the Court exercises its discretion and declines to consider the exhibits. In the interest of substantial fairness, the pending motion will not be converted to a motion for summary judgment, and the motion will be construed only as a test of the sufficiency of the factual allegations set forth in the complaint.

5

UTPCPL, section 201-2(4)(xxi), proscribes "[e]ngaging in any other fraudulent or deceptive conduct which creates a likelihood of confusion or misunderstanding," 72 Pa. Stat. § 201-2(4)(xxi), which may provide a ground for plaintiffs' claim in the absence of an applicable specific provision.

Despite the weakness of defendants' arguments for dismissal, the crux of the matter for plaintiffs is the need to establish causation and justifiable reliance in UTPCPL cases. *Hunt v. U.S. Tobacco Co.*, 538 F.3d 217, 221–227 (3d Cir. 2008) (citing, *e.g.*, *Weinberg v. Sun Co.*, 777 A.2d 442 (Pa. 2001); *Yocca v. Pittsburg Steelers Sports, Inc.*, 854 A.2d 425 (Pa. 2004); *Schwartz v. Rockey*, 932 A.2d 885 (Pa. 2007)). In *Hunt*, even though the plaintiff alleged that he and his putative class members had "relied on a presumption that they were paying prices set by an efficient market" in making certain purchases, the court held that he had not adequately alleged justifiable reliance. *Id.* at 227. The court noted that the plaintiff had given no indication "as to how his knowledge that the market was inefficient would have changed his conduct." *Id.*

In this case, plaintiffs have made no allegations in their complaint of reliance, justifiable or otherwise. The complaint states that defendants provided "inflated appraisal numbers" (Doc. 40, at ¶ 214) and that plaintiffs were "severely harmed" by it (*id.* ¶ 218), but simply showing a "causal connection between the misrepresentation and the harm" is insufficient for private plaintiffs under the UTPCPL. *Hunt*, 538 F.3d at 222 (citing *Weinberg*, 777 A.2d at 445). Plaintiffs' failure to adequately allege justifiable reliance is fatal to their UTPCPL claim, as without sufficient averment of justifiable reliance, they lack standing under section 201-9.2(a).

**IV. Conclusion**

Based on the foregoing discussion, it is recommended that defendants' motion to dismiss Count XIV of the complaint be GRANTED.

s/ William T. Prince  
William T. Prince  
United States Magistrate Judge

January 7, 2011